﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190729-14175
DATE: August 31, 2020

ORDER

An effective date of October 21, 2010 for the assignment of a 100 percent rating for coronary artery disease (CAD) is granted.

A rating of 30 percent for a right shoulder disability, effective January 16, 2008, is granted.

A rating higher than 20 percent for a left shoulder disability is denied.

REMANDED

Service connection for sleep apnea is remanded.

Service connection for left leg pain, claimed as peripheral neuropathy, is remanded.

FINDINGS OF FACT

1. Resolving reasonable doubt in the Veteran’s favor, his CAD symptomatology manifested by dyspnea, fatigue, and dizziness resulting from a workload of less than 3 metabolic equivalents of task (METs) since October 21, 2010.

2. The Veteran’s left and right shoulder disability manifested by a limited range of motion (ROM) midway between the side and shoulder level throughout the period on appeal.

3. The Veteran’s left and right shoulder disability have not manifested by limitation of motion to 25 degrees from side.

CONCLUSIONS OF LAW

1. The criteria for an effective date of October 21, 2010 for a 100 percent rating for CAD have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.400.

2. The criteria for a rating of 30 percent for a right shoulder disability are met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.71a, Diagnostic Code (DC) 5201.

3. The criteria for a rating higher than 20 percent for a left shoulder disability are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.71a, DC 5201.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the U.S. Army from October 1977 to October 1997.

In July 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in March 2019, for the issues of entitlement to an earlier effective date for and increased rating for CAD and left and right shoulder, which is one of the decisions on appeal. The other rating decision on appeal was issued in March 2019, for the issues of service connection for sleep apnea and left leg pain, and constitutes an initial decision; therefore, AMA applies.

In the July 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in for the issues of entitlement to an earlier effective date for a 100 percent rating for CAD and an increased rating for left and right shoulder disability. 38 C.F.R. § 20.301. Additionally, the Board may only consider the evidence of record at the time of the March 2019 rating decision on appeal for the issues of service connection for sleep apnea and left leg pain. Id.

The Board notes that additional evidence has been added to the claims file since the July 2018 RAMP Opt-In and March 2019 rating decision on appeal. As the Board is deciding the claims of entitlement to an earlier effective date for the assignment of a 100 percent for CAD, and entitlement to an increased rating for left and right shoulder, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision. Additionally, as the Board is remanding the claims of service connection for sleep apnea and left leg pain for further development, this additional evidence will be considered by the RO in the adjudication of those claims.

Earlier Effective Date

The Veteran’s disability rating for CAD was increased from 30 percent to 100 percent effective February 14, 2019. He is seeking an effective date for the award of the 100 percent rating prior to this date.

Except as otherwise provided, the effective date of a rating and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. Regarding the award of an increased rating for compensation, the effective date shall be the earliest date that it is factually ascertainable that an increase in disability had occurred, if a claim is received within one year from that date. 38 U.S.C. § 5110; 38 C.F.R. § 3.400. 

The Board finds that an earlier effective date of October 21, 2010, is warranted.

The Veteran’s CAD was rated under DC 7017 from October 21, 2010 and is rated under DC 7017-7005 from February 14, 2019. A 100 percent rating is warranted for CAD resulting in chronic congestive heart failure; or, workload of 3 METs or less results in dyspnea, fatigue, angina, dizziness, or syncope; or, there is left ventricular dysfunction with an ejection fraction of less than 30 percent. 38 C.F.R. § 4.104, DC 7017; 38 C.F.R. § 4.104, DC 7005.

The Veteran underwent VA examinations in June 2011 and June 2014. The examinations show that the Veteran’s METs level was estimated to be between 1-3 METS, which is consistent with activities such as eating, dressing, taking a shower, and slow walking for 1-2 blocks, and caused dyspnea, fatigue, and dizziness. Although the examiners stated that the limitation in the METs level is due to multiple factors, the examiners determined that it is not possible to accurately estimated the METs level due solely to the Veteran’s heart condition. Therefore, resolving reasonable doubt in the Veteran’s favor, the Board concludes that the medical evidence of record supports a 100 percent rating for CAD throughout the period on appeal.

Accordingly, the Board finds that an effective date of October 21, 2010, the date that VA received the Veteran’s claim, is warranted for the assignment of a 100 percent rating for CAD. 38 C.F.R. § 3.400.

Increased Rating

Right shoulder disability

Left shoulder disability

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate DCs. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3. The Board may consider whether separate ratings may be assigned for separate periods of time. Fenderson v. West, 12 Vet. App. 119, 126-27 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

Where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is the primary concern. Staged ratings (the assignment of different disability ratings at different times over the life of the claim) are appropriate when the factual findings show distinct time periods where symptoms would warrant different ratings.

In evaluating disabilities of the musculoskeletal system, painful motion is an important factor of disability. See 38 C.F.R. § 4.59. The intent of the schedule is to recognize painful motion with joint or particular pathology as productive of disability. Id. Joints that are actually painful, unstable, or malaligned, due to healed injury, should be entitled to at least the minimum compensable rating for the joint. Id. Special note should be taken of objective indications of pain on pressure or manipulation, muscle spasm, crepitation, and active and passive ROM of both the damaged joint and the opposite undamaged joint. Id; see also Burton v. Shinseki, 25 Vet. App. 1 (2011) (holding that section 4.59 applies to all forms of painful motion of joints, and not just to arthritis).

Moreover, when evaluating disabilities of the musculoskeletal system, consideration must be given to functional loss due to pain and weakness causing additional disability beyond that reflected on ROM measurements. 38 C.F.R. § 4.40. Consideration must also be given to weakened movement, premature or excess fatigability, and incoordination. DeLuca v. Brown, 8 Vet. App. 202, 20607 (1995) (holding that the criteria discussed in sections 4.40 and 4.45 are not subsumed by the DCs applicable to the affected joint); 38 C.F.R. § 4.45.

Shoulder disabilities are rated under codes 5200 to 5203. The record shows that the Veteran is right-handed, making the right shoulder his major extremity. He is not shown to have ankylosis of the right shoulder. Additionally, the evidence does not show that the Veteran has impairment of the clavicle, scapula, or humerus. Therefore, DC 5200, 5202, and 5203 do not apply in this instance.

Under DC 5201, limitation of motion to shoulder level (e.g., flexion to 90 degrees) in the minor and major extremity warrants a 20 percent rating. Limitation of the minor arm to midway between the side and shoulder level, that is, 45 degrees, is rated at 20 degrees and limitation of the major arm to midway between the side and shoulder level is rated at 30 degrees. Limitation of motion to 25 degrees from side in the minor extremity is rated at 30 percent and in the major extremity is rated at 40 percent.

Normal ROM of the shoulder are flexion (forward elevation) from 0 to 180 degrees, abduction from 0 to 180 degrees, and both internal and external rotation from 0 to 90 degrees. 38 C.F.R. § 4.71, Plate I.

The record shows that the Veteran is right side dominant, making his right shoulder his major extremity and his left shoulder his minor extremity.

The Veteran underwent VA examinations in March 2008, September 2008, November 2009, and September 2010. The Board notes that the Veteran did not perform ROM testing in September 2008 or November 2009. Additionally, the Board finds that the September 2010 VA examination is inadequate for adjudication purposes because the examiner did not adequately address functional loss due to flareups. See Sharp v. Shulkin, 29 Vet. App. 26 (2017). Accordingly, the examination will not be considered.

The March 2008 VA examiner noted the right shoulder flexion and abduction at 170 degrees with pain beginning at 90 degrees. The examination does not show measurements for left shoulder flexion and abduction. The examiner also noted right and left shoulder external and internal rotation at 70 degrees with pain beginning at 75 degrees.

The Veteran’s records from the Social Security Administration (SSA) show that in May 2008, ROM measurements of his bilateral shoulders was forward elevation and abduction to 30 degrees. 

Resolving reasonable doubt in the Veteran’s favor, the Board finds that the May 2008 shoulder examination by the SSA most accurately reflects the Veteran’s disability during that time. The Veteran’s medical records are consistent with the May 2008 examination findings. See e.g., October 2008 Medical Treatment Record; see also August 2011 Medical Treatment Record. Additionally, throughout the period on appeal, the Veteran has consistently reported bilateral shoulder pain, weakness, stiffness, fatigability, and tenderness. See e.g., December 2014 NOD; see also February 2016 Correspondence. Specifically, in a March 2009 Statement in Support of Claim, the Veteran stated that he could not raise his arms to shoulder level. Accordingly, the Board concludes that throughout the appeal period, the Veteran’s left shoulder disability has been consistent with a 20 percent rating and his right shoulder disability has been consistent with a 30 percent rating. The Board does not find that a higher rating is warranted at any time during the appeal period because the evidence does not show ROM measurements of 25 degrees or less.

After resolving reasonable doubt in the Veteran’s favor, the Board finds that a 30 percent rating is warranted for his right shoulder disability throughout the period on appeal. Accordingly, a 30 percent rating for the Veteran’s right shoulder disability is granted effective January 16, 2008, the date VA received the Veteran’s claim for an increased rating. 

As the preponderance of the evidence is against the Veteran’s claim for a higher rating for his left shoulder disability, it must be denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. §§ 5107; 38 C.F.R. §§ 3.102.

REASONS FOR REMAND

Under the AMA, the Board must remand to the AOJ to correct pre-decisional duty to assist errors (including when the AOJ failed to make reasonable efforts to obtain VA treatment records or relevant federal or private treatment records, failed to obtain a VA examination, or provided an inadequate VA examination or opinion). 38 C.F.R. § 20.802(a).

Service Connection for Sleep Apnea

The Veteran contends that his sleep apnea is related to his service-connected CAD. The Board finds that remand is necessary to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. No VA examiner has provided an opinion regarding secondary service-connection. Accordingly, remand is necessary for an addendum opinion. 

Service Connection for Left Leg Pain

The Veteran contends that he has left leg peripheral neuropathy that is related to service or is related to his service-connected CAD. The Board finds that remand is necessary to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal. The AOJ obtained a December 2018 medical opinion prior to the rating decision on appeal. However, this medical opinion does not address whether the Veteran’s left leg symptoms, including tingling, burning, and numbness, had its onset in service or is otherwise related to service. Additionally, the examiner did not address secondary service connection. Accordingly, remand is necessary for a new examination.

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s sleep apnea is at least as likely as not (50 percent or greater probability) (1) proximately due to or (2) aggravated beyond its natural progression by his service-connected coronary artery disease. A complete rationale must be provided.

2. Schedule the Veteran for a VA examination with an appropriate clinician regarding the nature and etiology of his left leg symptoms. The examiner should identify all diagnoses related to the Veteran’s left leg symptoms of pain, tingling, burning, and numbness, to include neuropathy. The Veteran’s file should be made available to the examiner. After complete review of the file, for each identified diagnosis the examiner should provide opinions, with a complete rationale, as to the following:

(a.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s claimed left leg disability is related to an in-service injury, event, or disease, to include in-service documentation of left leg pain and numbness.

(b.) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s claimed left leg disability is (1) proximately due to or (2) aggravated beyond its natural progression by his service-connected coronary artery disease. 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Kernen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.